HENRY WARD BEER ET AL., TRUSTEES, *vs.* FREDERIC N. M. SQUIRES ET ALS.

Third Judicial District, Bridgeport, April Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Although a provision in a will, made in the mistaken belief, persisting until the testator's death, that a certain state of facts exists, cannot ordinarily be said to be specifically and expressly applicable to the true circumstances, nevertheless it does not necessarily follow that the provision in question is thereby nullified; in such a case, the will is to be examined to discover, if possible, whether the actual situation was within the intent of the testator when he made the provision.

In 1916 the testator executed his will in which he gave three equal quarterly shares of his estate outright to his son and two married daughters. The fourth share was left in trust, the income to be paid to his remaining daughter, Annette, during her life with the provision that in the event of her marriage, "the trustees shall pay over and deliver to her the whole amount of said trust fund as soon after her marriage as may be convenient and reasonable, and upon such payment, said trust shall forever cease and determine." The testator then, and until his death in 1919, believed that Annette was a single woman, whereas in 1899 she had been secretly married to K, with whom she lived for a total of twenty-one days during the succeeding four years, since which time she has never seen him, and she now has no knowledge as to whether he is dead or alive. The trustees brought the present suit to determine whether, under the will, Annette is entitled to the principal of the fund. *Held:*

1. That, since the testator had placed no restrictions or conditions upon Annette's marriage and had not attempted to define the kind of union which should entitle her to the fund, it was the duty of the trustees immediately to distribute the principal to her.

2. That the costs and expenses of the suit should be borne by the
   entire estate.

Argued April 14th—decided June 1st, 1925.

Suit for the construction of the will of Norman J.
Squires, late of the town of Orange, deceased, brought
to the Superior Court in New Haven County and re-
served by the court (*Wolfe, J.*), upon an agreed state-
ment of facts, for the advice of this court.

The agreed statement of facts discloses that Norman
J. Squires on March 28th, 1916, was possessed of a
considerable estate and then executed a will. He died
on May 20th, 1919, and on July 3d, 1919, this will
was admitted to probate and the executors duly quali-
fied and proceeded to settle the estate. There was a
substantial residuum after paying debts and legacies,
and distribution of this was duly made under clause
seven of the will.

The one-fourth part mentioned in subdivision (4) of
the seventh clause of the will was distributed to the
trustees named by the testator, and this suit for advice,
as to how they shall proceed to carry on the trust, was
brought by the trustees.

The testator recites in the third clause of the will
that he had already made provision for his wife. The
will contains only minor bequests to her. The follow-
ing-named persons, all defendants, claim to have some
interest or title in, or contingent interest in, the prop-
erty distributed to the plaintiffs as trustees under the
will, and the trusts created in the seventh article of the
will which is in controversy, by reason of their relation-
ship to the testator and of the provisions of said
article of said will: The defendant Frederic N. M.
Squires, is a son of the testator; the defendants Norma
M. Beer, Delma L. Pierce and Annette C. Squires, are
daughters of the testator, and said last four mentioned

defendants are the only children of testator; defendant Frederic N. M. Squires, Jr., is the only child of Frederic N. M. Squires, and is a grandson of the testator; defendants Justin S. Beer, Robert G. Beer and Norman H. Beer, are the only children of defendant Norma M. Beer, and are grandchildren of the testator; defendants David F. Pierce and M. Eleanor Pierce are the only children of Delma L. Pierce, and are grandchildren of the testator; defendant Annette C. Squires has no children. There are no living children of a deceased child of the testator.

The defendant Annette Clara Squires King, a daughter of the testator and named in the seventh clause of the will, was married to John Louis King on July 18th, 1899; she lived with King as his wife a total of twenty-one days between July 18th, 1899, and July 1st, 1903; otherwise she lived as an unmarried woman using her maiden name. The testator never had any knowledge of this marriage, or that such daughter claimed to have been married, and believed always that she was unmarried. Annette has never seen King since July, 1903, and does not know, and for eight years has not known, whether he is alive or dead.

The seventh clause of the will is as follows: "Seventh. All the rest, residue and remainder of my property and estate, both real and personal of every description and wheresoever the same may be situated, of which I may be seized and possessed and to which I may be entitled at the date of my decease, I direct to be divided into four equal parts, shares or portions, and I give, bequeath and devise said four equal shares or portions, being the whole of my said residuary estate as follows, namely: (1) I give, bequeath and devise one of said equal shares or portions of my said residuary estate, to my daughter, Norma May Beer, the same to belong to her and her heirs absolutely and forever.

(2) I give, bequeath and devise one other of said equal shares or portions of my said residuary estate, to my daughter, Delma Louise Pierce, the same to belong to her and her heirs absolutely and forever. (3) I give, bequeath and devise one other of said equal shares or portions of my said residuary estate, to my son Frederic N. M. Squires, the same to belong to him and his heirs absolutely and forever. (4) I give, bequeath and devise the remaining equal share or portion of my said residuary estate, to my son-in-law, Henry Ward Beer, and my son, Frederic N. M. Squires, in trust, for the purposes hereinafter set forth, namely: in trust, to receive, manage and invest the same, and to receive the rents, issues and profits thereof, with power to change investments, but according to law, and at their option to sell and convey any real estate which may form a part of the trust estate hereby created, and to convey a good title to the purchaser or purchasers thereof, free from any provisions of this trust, and the proceeds arising from such sale or sales to hold and apply upon the same trusts, and further at their discretion, to pay over to my daughter, Annette Clara Squires, for and during the full term of her natural life, the entire net income of said trust estate, at as frequent intervals as the income will permit, but solely at the discretion of said trustees. In the event, however, that my said daughter, Annette Clara Squires, shall be in personal need, then I authorize and empower my said trustees to pay over to my said daughter, such portions or the whole of the principal of said trust fund as in their sole and uncontrolled judgment shall be necessary to relieve her necessities. In the event of the marriage of my said daughter, Annette Clara Squires, then I direct that said trustees shall pay over and deliver to her the whole amount of said trust fund, as soon after her marriage

as may be convenient and reasonable, and upon such payment said trusts shall forever cease and determine. In the event, however, that my said daughter, Annette Clara Squires, shall not marry, then at her decease, I direct my said trustees to pay over and deliver said trust fund or so much of the same as shall then remain to my said three other children, or in case of their decease or the decease of either of them, to the legal heirs of such child or children as shall have deceased, per stirpes and not per capita. I further express the wish and desire that my said trustees will serve without charge, and I direct that no bonds be required of them as such trustees by the Probate Court having jurisdiction of the settlement of my estate, and of their appointment and qualification as such trustees."

The trustees (plaintiffs) ask the advice of the court upon the following questions:

"1. Whether or not the marriage of the testator's daughter, Annette Clara Squires, to said King, as set forth in the pleadings, was such a marriage as the testator referred to or contemplated in the fourth subdivision of the seventh article of his will.

"2. Whether or not it is the present duty of the trustees named in the seventh article of the testator's will to pay over and deliver to said Annette Clara Squires (King) the whole amount of said trust fund set up in the fourth subdivision of the seventh article of the will of the testator, or any part of such trust fund.

"3. Whether or not the trust established in the fourth subdivision of the seventh article of the testator's will is now a valid and existing trust.

"4. Whether or not the trust established in the fourth subdivision of the seventh article of the testator's will has ceased or determined.

"5. Whether or not it is the duty of the trustees to retain the property described in the fourth subdivision

of the seventh article of the testator's will, and to continue to administer the trust.

"6. Whether or not the marriage of the defendant, Annette Clara Squires (King) made it the duty of the plaintiffs upon the settlement of the estate of Norman J. Squires and makes it the present duty of the trustees to pay over and deliver to said Annette Clara Squires (King) the whole amount of the funds described in the complaint as being in the hands of the plaintiffs.

"7. Whether or not the court in making any allowance out of the estate to the several parties hereto for expenses and counsel fees should consider the fact that the plaintiffs who were executors of the will of said Norman J. Squires, deceased, had notice of the claims of the defendant, Annette Clara Squires (King) previous to the settlement of their administration account, and previous to the distribution of the estate of Norman J. Squires by the plaintiffs as executors, and if question as to the construction of any of the terms of said will required judgment of competent court construing said will, application therefor should have been made by said plaintiffs as executors, and the expense thereof thrown on the entire estate as part of the expense of administering the same by the executors."

*J. Dwight Dana,* for the plaintiffs.

*Otis T. Bradley,* of New York City, with whom was *Harold F Drew,* for the defendant Annette C. Squires King.

*Frederick H. Wiggin,* for the other defendants.

CURTIS, J. The plaintiffs have well summarized the situation presented by this reservation in two statements, as follows:

1. Whether Annette's marriage was such a marriage in time or circumstance as the testator meant to refer to in subdivision (4) of the seventh clause of the will, and if so, whether the duty of the trustees is to turn over the corpus of the trust property to Annette, or whether Annette only has a life interest, involving a continuation of the trust.

2. Whether the expenses and counsel fees of these proceedings should have been thrown on the entire estate of the testator, or whether the one-fourth share of the residuum in which Annette is interested ought to bear them.

That the controversy between Annette and the trustees should be determined by the intent of the testator, if such intent can be found in the will, is unquestioned. It is apparent that when a testator makes a will in the belief that a certain state of facts exists which he provides for, and when it later appears that the state of facts he then believed to exist did not exist, and his death occurs before he learns of the actual situation, it is inevitable that his will ordinarily does not provide specifically for the unknown state of facts. If he makes provision for a certain contingency, as for the marriage of a daughter whom he believes is unmarried, and it appears after his death that the daughter was in fact already married when he made the will, this fact could not reasonably be deemed to necessarily nullify the provision in the will which was to become operative on her marriage.

In such a case the will is to be examined to discover, if possible, whether such a prior marriage is a marriage which falls within the intent of the testator when he made the provision.

We are therefore to seek to discover in this case whether the marriage of Annette in 1899, which was unknown to her father when he made his will in 1916,

and when he died in 1919, could reasonably be deemed to be such a marriage as he provides in his will shall determine Annette's right to have the corpus of the trust in her favor turned over to her. What does the marriage of Annette signify as used in the will? It does not signify a marriage to any particular person, or any particular kind of a person, or a marriage adapted to any particular result, beyond the possible protection and advice incident to having a husband. That is, it is not a marriage insuring either issue, or independent support, or any type of husband. Marriage implies merely the existence of the state of being married. The will says: "In the event of the marriage of my said daughter Annette . . . then I direct that said trustees shall pay over and deliver to her the whole amount of said trust fund as soon after her marriage as may be convenient and reasonable, and upon such payment said trusts shall forever cease and determine."

The testator's intent is clear, not to make restrictions as to her marriage. His intent seems to be clear also to make all daughters, if married, stand upon an equality in sharing his estate. The provisions of clause seven disclose this.

It seems highly unreasonable to hold that the testator's intent must be confined to a subsequent marriage, in view of his total lack of restrictions as to the kind of a husband that he meant her to marry. Deeming that by the words "event of marriage" the testator meant merely the existence of a state of marriage, his intent to that effect would include the effects of a prior as well as a subsequent marriage.

We think the terms of the will disclose an intent that when Annette is found to be a person in the state of marriage, she is entitled to the corpus of the trust fund provided in the seventh clause of the will.

Questions one, four and six should be answered "Yes."

Question two should be answered "Yes, the whole net amount."

Questions three and five should be answered "No."

As to question seven, the expenses should be borne by the entire estate.

In this opinion the other judges concurred.