KATHRYN H. TRAUTZ, Plaintiff, v. WILLIAM H. LEMP ET AL., ALEXANDER H. HANDLAN ET AL., Appellants, VELLA MARIE BISBEE.

KATHRYN H. TRAUTZ, Plaintiff, v. WILLIAM H. LEMP ET AL., KATHRYN H. TRAUTZ ET AL., Appellants, ALEXANDER H. HANDLAN ET AL.

KATHRYN H. TRAUTZ, Plaintiff, v. WILLIAM H. LEMP ET AL., ALEXANDER H. HANDLAN ET AL., Appellants, KATHRYN H. TRAUTZ ET AL.

KATHRYN H. TRAUTZ, Plaintiff, v. WILLIAM H. LEMP ET AL., ALEXANDER H. HANDLAN ET AL., Appellants, EDWARD C. CROW ET AL.

KATHRYN H. TRAUTZ, Plaintiff, v. WILLIAM H. LEMP ET AL., ALEXANDER H. HANDLAN ET AL., Appellants, MARIE H. HORNSBY.

KATHRYN H. TRAUTZ, Plaintiff, v. WILLIAM H. LEMP ET AL., ALEXANDER H. HANDLAN ET AL., Appellants, MERCANTILE-COMMERCE NATIONAL BANK, Administrators, ET AL.

KATHRYN H. TRAUTZ, Plaintiff, v. WILLIAM H. LEMP ET AL., ALEXANDER H. HANDLAN ET AL., Appellants, MERCANTILE-COMMERCE NATIONAL BANK, Administrators, ET AL.—72 S. W. (2d) 104.

Court en Banc, April 18, 1934.

*Leahy, Saunders & Walther* and *Barth & Baron* for Barth & Baron, Kathryn H. Trautz and Kathryn Marie Trautz.

*Jesse W. Barrett* for Marie H. Hornsby.

*Carter, Jones & Turney* for Mercantile-Commerce National Bank in St. Louis and C. A. Tilles, administrators *pendente lite* of the estate of Eugene W. Handlan, deceased.

*Taylor, Chasnoff & Willson* and *James V. Frank* for Alexander H. Handlan and Edward R. Handlan individually and as executors of the estate of and trustees under the will of A. H. Handlan, deceased.

*Edward C. Crow, Jones, Hocker, Sullivan & Gladney* and *Frank Y. Gladney pro se.*

*Meredith & Harwood pro se* and for Vella Handlan Bisbee; *Landry Harwood,* guardian *ad litem* for Harry L. Bisbee, Jr., Vella Marie Bisbee and Alexander H. Bisbee, minors.

TIPTON, J.—The appeals herein grow out of orders and judgment made and entered by the Circuit Court of the City of St. Louis, Missouri, for the allowance of attorneys' fees and expenses in a certain consolidated cause styled Trautz v. Lemp et al., wherein the judgment of the Circuit Court of the City of St. Louis, Missouri, in that cause was reversed and remanded by a decision of this Court en Banc, which is reported in 329 Mo. 580, 46 S. W. (2d) 135.

A brief history of this cause is as follows: Alexander H. Handlan died March 24, 1921, leaving a last will and testament which was probated in the Probate Court in the City of St. Louis, Missouri, and by this will he created a trust estate. He was survived by three sons, Eugene W. Handlan, Alexander H. Handlan, Jr., and Edward R. Handlan. There were four daughters, Lillian H. Lemp, Vella Bisbee, Marie H. Hornsby and Kathryn Trautz. All of his children shared in the estate and each was named a beneficiary in the trust estate with the exception of Kathryn Trautz, to whom he left only $1000, which had been paid by the executors at the time of the trial of this cause. She had a daughter, Kathryn Marie Handlan Trautz, who was one of the beneficiaries in this estate. He was also survived by his widow, Mollie A. Handlan, who died March, 24, 1924. Their son, Eugene Handlan was appointed administrator of her estate. His sons were named the executors and administrators of the testator's estate.

There was a clause in the will to the effect that if any of the beneficiaries contested the will, he or she should forfeit his or her share in the estate.

On March 9, 1922, a suit was filed in the Circuit Court of the City of St. Louis, by Vella Bisbee, Lillian H. Lemp and Marie H. Hornsby, against the three sons of the testator individually and in the representative capacity as executors and trustees. In this suit Mrs. Bisbee was represented by the law firm of Meredith & Harwood, of Kansas City; Mrs. Lemp was represented by Judge O'Neill Ryan, and Mrs. Hornsby by the late Frederick Lehman. The sons of the testator were represented individually and as executors and trustees by the law firm of Taylor, Chasnoff & Willson. The object of the suit was to recover on behalf of the estate 1550 shares of stock of the Handlan-Buck Manufacturing Company or as an alternative sought to enforce a charge of $200 per share on the stock involved. The sons of the testator claimed the stock belonged to them individually, on the theory it had been given to them by the testator during his lifetime. Kathryn Trautz acted as guardian for her daughter, Kathryn, from September 15, 1921, to March 16, 1927, and on the last-named date, Robert Rossel was appointed guardian for this granddaughter of the testator. On December 23, 1922, Kathryn Trautz, as guardian for

Kathryn Marie Handlan Trautz, interpleaded in that cause, she filed a separate answer, adopted the plaintiff's petition and petitioned the court for directions as to the duties of the executors and trustees in their performance of the trust imposed by the will of A. H. Handlan, deceased. Kathryn Trautz was represented by the law firm of Barth & Baron.

Extensive negotiations were carried on for the settlement of this suit between the attorneys representing the various litigants until the year 1927.

On March 7, 1927, a second suit was filed in the Circuit Court in the City of St. Louis, by Lillian H. Lemp and William J. Lemp against Eugene Handlan et al. The plaintiffs in this suit were represented by Edward C. Crow, and the law firm of Jones, Hocker, Sullivan & Angert. This firm was later succeeded by the firm of Jones, Hocker, Sullivan & Gladney. Additional parties were made parties defendant in this cause, in fact every person was made a party defendant who might have an interest in the estate of the testator. The object of the suit was to recover 1550 shares of stock above mentioned and the petition suggested the trust estate created by the will of A. H. Handlan might be void because it violated the rule against perpetuities, but on this issue the plaintiffs did not take a position. On March 17, 1927, a third suit was filed entitled Kathryn Trautz v. Lillian Lemp et al., the plaintiff in this cause was represented by Irvin Barth of the law firm of Barth & Baron. The object of this suit was to partition the estate of Alexander H. Handlan on the theory that the trust estate created by the will was void as violating the rule against perpetuities. Various issues were raised in these three suits by answers and cross-bills.

Eugene Handlan, one of the executors and trustees, died during the pendency of this litigation. The administrators *pendente lite* of his estate were the Mercantile-Commerce National Bank and C. A. Tilles, and were represented in this litigation by the law firm of Wilfley, Williams & Nelson. The law firm of McDonald & Just had represented Eugene W. Handlan personally during his lifetime and also as administrator of Mollie A. Handlan. As her administrator he took the position that his mother was entitled to a child's share in this estate or one-eighth of the estate which had an estimated value of $115,000. After the death of Eugene Handlan, the Mercantile-Commerce National Bank and C. A. Tilles were appointed administrators *pendente lite* of her estate and the same firm of lawyers continued to represent her estate.

The Methudy Tire & Rubber Company, a corporation, entered into a contract on March 27, 1924, with Eugene W. Handlan, Alexander H. Handlan and Edward R. Handlan, as executors and trustees under the will of Alexander H. Handlan to convey to it certain real property owned by the estate and located in the city of St. Louis.

A title company of St. Louis raised the question that these men did not have the authority to make a proper conveyance to this company and it interpleaded in these suits seeking a proper conveyance of this property upon the payment of $108,000, the purchase price stated in the contract.

On November 1, 1927, the circuit court made an order consolidating these three cases to be styled as Kathryn H. Trautz v. Lillian Lemp et al. This case was tried in the Circuit Court of St. Louis and then appealed to this court in which it was briefed and argued in Division One and after Division One adopted the divisional opinion, the case was transferred this Court en Banc and again argued and another opinion written.

We decided (a) that the 1550 shares of stock were not given to the sons of the testator but that they were entitled to them upon the payment of $200 per share; (b) that the testator's widow, Mollie A. Handlan had not elected during her lifetime to take a child's share and that her administrator had no authority to make such an election after her death; (c) that the executors and trustees had a right to make a valid conveyance of the real property to the Methudy Tire & Rubber Company, (d) and that the trust estate was valid and that it did not violate the rule against perpetuities.

Upon application for allowances of attorneys' fees and expenses, the court made the following order: (1) to Williams & Nelson attorneys for the Mercantile-Commerce National Bank in St. Louis and A. C. Tilles, administrators *pendente lite* of the estate of Eugene Handlan, deceased, the sum of $5000; (2) to McDonald & Just, attorneys for the Mercantile-Commerce National Bank in St. Louis and A. C. Tilles,, administrator *pendente lite* of the estate of Mollie Handlan, deceased, the sum of $1500; (3) to Barth & Baron, as attorneys for Kathryn Trautz, the sum of $5000; (4) to Meredith & Harwood, attorneys for Vella Bisbee, the sum of $20,000; (5) to Jones, Hocker, Sullivan & Gladney, attorneys for Lillian Lemp and William Lemp, the sum of $38,500; and to Marie Hornsby, the sum of $4700, to reimburse her for the amount of money she paid three different lawyers who had represented her in the various stages of this litigation.

From the orders and judgment making these various allowances, the executors and trustees have appealed to this court. Kathryn Trautz, also appealed on the ground that the allowance made to her for attorneys' fees was inadequate. Other pertinent facts will be stated in the course of this opinion.

I. Is the trust estate legally liable to the Mercantile-Commerce National Bank in St. Louis and C. A. Tilles, administrators *pendente lite* of the estate of Eugene W. Handlan, for attorneys' fees paid the law firm of Williams & Nelson? This claim for allowance of attorney's fees was presented to the trial court by a stipulation, which

provided that "the reasonable value of said services is $5000, and that the services consisted in preparing a brief and argument in Division One of this court and the Court en Banc. (It is not being admitted by the trustees that the estate is in any way liable to the administrator *pendente lite* for the value of said services.)

The agreement further provided that the brief and arguments of these attorneys, "were devoted entirely to presenting the contention that the trust established by the will of Alexander H. Handlan was void as in violation of the rule against perpetuities." We ruled against their contention and held the trust estate was valid.

■ Where an instrument that creates a trust estate is so ambiguous that two or more persons may fairly make an adverse claim to the fund, either may resort to a court of equity for correct interpretation, and the court is justified in not only assessing the cost of the litigation against the estate, but also in allowing reasonable attorneys' fees payable out of the trust estate both to the defeated and successful parties. [Noe's Admr. v. Miller's Executors, 31 N. J. Eq. 234; Guerin v. Guerin, 270 Ill. 239, 110 N. E. 402; Ingraham v. Ingraham, 169 Ill. 432; Merrill v. Winchester, 120 Me. 203, 113 Atl. 261; Senger v. Taylor, 91 Kan. 190, 137 Pac. 931; Beer v. Squires, 102 Conn. 503, 129 Atl. 382; Cooke v. Women's Medical College, 82 N. J. Eq. 179, 87 Atl. 131; and Reed v. Creamer, 118 Me. 317, 108 Atl. 82.] But this rule does not apply where the bill is not filed merely for the purpose of obtaining a construction of the instrument creating the trust and the direction of the court, but to enable the litigant to obtain something as an heir. [Thompson on Construction of Wills, art. 642; Hobbs v. McLean, 29 L. Ed. 940; Sandusky v. Sandusky, 265 Mo. 219, 117 S. W. 390; Hartnett v. Langan, 282 Mo. 471, 222 S. W. 403; Drake v. Crane, 66 Mo. App. 495; Lewis v. Gaillard, 70 Fla. 172, 69 So. 797; Kimball v. Atlantic States Life Insurance Company, 223 Fed. 463; Gillespie v. J. C. Piles & Co., 178 Fed. 886, 44 L. R. A. (N. S.) 1; Abert v. Taylor, 37 S. W. (Ky.) 676; Railroad v. Brown, 29 Atl. (Md.) 524; West v. Rector, etc., St. James, 83 N. J. Eq. 324; Ford v. Gilbert, 75 Pac. (Ore.) 138; and Donlop v. McGehee, 124 S. E. (Va.) 199.] Under these circumstances the costs including the attorneys' fees should not be allowed, even if the litigation incidentally settled the status of the trust estate, that not being the purpose of the litigation: [Lewis v. Gaillard, supra.]

■ The appellants contend that the position of the administrators *pendente lite* of the estate of Eugene W. Handlan, deceased, was an attack upon the validity of the provision of the will creating the trust, while the administrators *pendente lite* claim that they were aiding in the construction of the trust provisions of the will. The stipulation above referred to states that these administrator's efforts "were devoted entirely to presenting the contention that the trust

established by the will of Alexander H. Handlan was void and was in violation of the rule against perpetuities." If this contention of the administrators *pendente lite* had been sustained, in what way would the trust estate have been benefited? The only answer we can see to this question is that the trust estate would not have received any benefit, in fact, the trust estate would have been destroyed. "There is no equity in requiring the trust fund to remunerate those whose sole claim to consideration is the fact that they sought to destroy that fund." [Sandusky v. Sandusky, supra.]

The administrators *pendente lite* contend that their claim for allowances of attorneys' fees is on all fours with the case of City of St. Louis v. McAllister, 302 Mo. 152, 257 S. W. 425. While there is some similarity between the claim for attorneys' fees in that case and the claim of the administrator *pendente lite* in this case, yet that case is not in point because in that case we stated that "*the validity of the devise under the Mullanphy will as a gift to charity was in no way in question.*"

We hold that the position of the administrator *pendente lite* of Eugene W. Handlan was antagonistic to that of the trust and the trial court erred in sustaining the administrators' motion for attorneys to be paid out of the trust fund.

II. The court sustained the motion of the Mercantile-Commerce National Bank in St. Louis and C. A. Tilles, administrators *pendente lite* of the estate of Mollie Handlan, deceased, for the allowance of attorneys' fees to the law firm of McDonald & Just in the sum of $1500 for representing the claim of her estate that she was entitled to a child's part or one-eighth interest in the estate of her husband, Alexander H. Handlan. Her administrators were unsuccessful, in their claim. Had they been successful, then the estate of the testator would have been diminished one-eighth or approximately $115,000.

In Kimball v. Atlantic States Life Insurance Company, supra, I. c. 464, the court said:

"The trouble about the petitioners' application here is that their entire proceeding was adversary and inimical to the company. They did not seek to benefit or enhance its values, but to deplete them. They did so to the extent of $1,500. After effort to that end, they failed to do so to the extent of $122,500. Had they succeeded in their effort, the company would have lost at least $127,500, with all costs. True, they now intervene and join in the prayers of the stockholders for the distribution of the fund, and yet, but for their adversary action, inimical in every sense to the interest of the stockholders, the directors of the company might have effected that distribution without the expense of the receivership. To allow a fee of counsel to be paid from the fund in hand, under such circumstances, would, in the opinion of the court, be to establish a precedent

which would encourage the bringing of unjustifiable proceeding; counsel acting under the consciousness that, although the proceeding itself was without merit, they would be sure of personal compensation from the property of others which they had perhaps unrighteously caused to be involved in litigation. That such a precedent would be dangerous seems undeniable.".

We believe this quotation correctly declares the law. The trial court erred in making an order allowing attorneys' fees to the administrators *pendente lite* of the estate of Mollie A. Handlan.

■ III. Both Kathryn Trautz and the executors and trustees of Alexander H. Handlan appealed from the following order:

"Petition and motion of Barth & Baron, as attorneys for Kathryn Trautz, for allowance on account of attorneys' fees in the amount of one hundred thousand dollars sustained in part and denied in part, and it is ordered that $5,000 be allowed to be paid in full by the estate on account of such claim and that the remainder thereof be denied."

Kathryn H. Trautz bases her appeal on the ground that .the allowance made to her for attorneys' fees was inadequate, while the executors and trustees claim an allowance in any sum would be against the law under the circumstances.

We believe the contention of the executors and trustees must be sustained. In the first place, the efforts of her attorneys were mainly directed to declaring the trust void because it violated the rule against perpetuities. As we have seen in paragraph one of this opinion, a trust fund is not liable to attorneys for their fees when their efforts sought to destroy the trust. In the second place, under the will of her father, Mrs. Trautz was left only one thousand dollars which had been paid her. The only interest she could possibly have under these circumstances would be to have the will declared invalid. She could not possibly be interested in the construction of the will, her only interest would be in the destruction of it. She filed the third suit and it was an action for partition. For her to succeed in this action, it would have been necessary for her to destroy the trust estate.

Construction of Wills, by Thompson, on page 801, the author says:

"As a rule costs and attorney's fees are allowable as in other equitable cases, or cases wherein trustees are parties, but this rule does not apply where the bill is not filed merely for the purpose of obtaining a construction of the will and the direction of the court, but to enable complainant to obtain something as heir, *nor should the costs be paid out !of the estate where it is determined that the complainant has no interest in any event.*" (Italics ours.)

As Mrs. Trautz had been paid all she was entitled to under the will of the testator we think she is not entitled to have the provisions

creating the trust construed by a court of equity, nor did she have sufficient interest in the preservation of the trust estate to be allowed attorneys' fees even though she did adopt the pleadings of the plaintiffs in the first and second suits in regard to the recovery of the 1550 shares of stock claimed by the sons of the testator. We think it was immaterial to her whether the stock belonged to her brothers individually or to the trust estate. If she aided in the recovery of any assets of the estate or in its preservation, it was a mere act of a volunteer, for which the estate would not be liable. For these reasons we hold that Kathryn Trautz is not entitled to be reimbursed out of the funds of the estate.

■ IV. The executors and trustees appeal from the allowances made to Mrs. Lemp's attorneys, Jones, Hocker, Sullivan & Gladney and to Mrs. Bisbee's attorneys, Meredith & Harwood. In their brief the executors and trustees frankly admit that ''Mr. Sullivan's firm and Mr. Meredith's firm should receive reasonable and fair compensation'' for their services in bringing into the estate 1550 shares of the Handlan-Buck Manufacturing Company. These shares of stock were claimed by the executors and trustees to be their individual property, so they were in no position to represent the estate in regard to this item in the litigation. The trustees and executors were represented by the law firm of Taylor, Chasnoff & Willson. This firm also represented them individually. The executors and trustees admit that where the trustees cannot act, a beneficiary has the right to have a question of this kind determined at the expense of the estate, but they appealed solely on the ground that the allowances made these two firms were excessive.

Meredith & Harwood, as attorneys for Vella Bisbee, asked for an allowance in the sum of $35,000, the court made her an allowance for $20,000. Lillian Lemp and William Lemp asked for an allowance in the sum of $77,000, the court ordered an allowance of $38,500, to be paid their attorneys, Jones, Hocker, Sullivan & Gladney.

In making these allowances the trial court wrote a memorandum opinion in which he stated that these three suits were consolidated and that the consolidated cause was tried in the circuit court and twice heard and adjudicated in this court; that the litigation extended over a period of ten years and involved approximately two million dollars in real and personal property. The estate of the late Mr. Handlan's widow and all of his children and grandchildren, also unborn descendants as a class, and some collateral heirs and other parties having an interest were made parties to the litigation so that the final decree should define and fix for all time the rights and divergent interests asserted by the various litigants in these extensive properties. The opinion further states that the law firms of Meredith & Harwood and Jones, Hocker, Sullivan & Gladney were the at-

torneys solely responsible for the recovery of 1550 shares of stock; that the value of this stock, as found by the court was $310,000. While there was more than one firm responsible for the recovery of the stock, yet the estate should be chargeable with but one reasonable fee and that $58,500 would be a reasonable fee. This was 18 per cent of the amount recovered on behalf of the estate. This sum was divided between these two firms so that Meredith & Harwood received $20,000, and that Jones, Hocker, Sullivan & Gladney received $38,500. He did not allow these firms any compensation for efforts in helping defeat the claim of the administrators *pendente lite* of the estate of Mollie A. Handlan, or for their efforts in behalf of the estate in regard to the Methudy Tire & Rubber Company contract; or for their efforts in upholding the validity of the trust estate, because he stated "it was the office of the trustees and executors to prosecute and defend these, respectively, and though counsel rendered valuable service along with counsel for the trustees and executors, this was voluntary service and cannot be compensated by the court on any principle of equity with which we are familiar, in the absence of a showing that the counsel representing the trustees and executors refused or failed to do their duty in the premises, or was so circumstanced that by virtue of the relationship with certain defendants they were disabled from performance." He further stated that he was not satisfied that the counsel representing the executors and trustees did not fairly and fully perform the full measure of their obligation in all the matter litigated, except the item in regard to the 1550 shares of stock which was conceded by counsel representing the executors and trustees.

We believe the trial court's memorandum opinion correctly declared the law in this case. When a trustee acts in good faith and in the interest of the trust estate that he represents, he has a right to employ an attorney of his own selection, without interference from any of the beneficiaries. Under these conditions, if a beneficiary voluntarily employs an attorney to assist in prosecuting or defending a claim against the trust estate, the beneficiary would be individually liable for the attorney's fees and not the trust estate.

This brings us to the question of what would be a reasonable attorney's fee for recovering the 1550 shares of stock belonging to the trust estate. The trial court allowed $58,500 for this service. When we take into consideration that this litigation extended over a period of ten years; that the three cases were consolidated and tried in the circuit court, and twice in this court; that it was necessary to bring into court all the direct and collateral heirs of the testator; that the success of these parties in restoring to the estate these shares of stock, which the testimony shows to be valued from $310,000 to $465,000 and that the estate was liable for these attorneys' fees only on the contingency that they were successful

in this litigation; we cannot say that this sum is excessive and that the trial court abused his discretion in allowing this amount.

The Supreme Court of Illinois, in the case of Ingraham v. Ingraham, supra, l. c. 471, said:

"The amount to be allowed is so far in the discretion of the chancellor, that, in the absence of proof of the abuse of that discretion, we cannot interfere."

There was substantial testimony in this record to show that one-third of the value of the stock divided among the lawyers responsible for its recovery, would be a reasonable fee and on this basis the fee would be in excess of $103,000, based on the value of the stock as found by this Court en Banc. As above stated we do not believe that attorneys' fees of $58,500 was excessive, $38,500 .of this sum was awarded to the law firm of Jones, Hocker, Sullivan & Gladney, and $20,000 was awarded to the law firm, of Meredith & Harwood. There was no cross-appeal perfected by either of these firms and these awards, are, therefore, affirmed.

V. The only other claim undisposed of is that of Marie H. Hornsby, who made a claim for $17,775. She paid her attorneys $4700, the rest of the amount claimed she characterized as expense. The court allowed her claim for attorneys' fees only. She was one of the plaintiffs in the first suit filed which was filed for the recovery of the stock in question. At that time she was represented by the late Frederick Lehman, to whom she paid $2500. She paid Mercer Arnold, a lawyer of Joplin, the sum of $200 to be present during the argument of this case in this court. However, he took no part in either briefing or arguing the case here. She paid Jesse W. Barrett, a lawyer of the city of St. Louis, $2000 for services after the opinion was delivered by this Court en Banc. His services consisted in helping prepare the decree to be entered upon the mandate of this court in that case.

Her efforts in this litigation were devoted entirely to the recovery of the 1550 shares of stock. While she did not continue to take an active part in this litigation we cannot say that her effort did not contribute to the success in recovering this stock. Nor can we say that the trial court abused his discretion in allowing her this sum. She did not appeal from the refusal of the trial court in allowing her expenses. For the reason above stated, the award of $4700 made her is affirmed.

VI. This would make a total allowance of $63,200 as attorneys' fees and expenses for the recovery of the stock in question, which we do not believe to be unreasonable under the facts set forth in this opinion.

The orders and judgment of the trial court, are, therefore, affirmed

in part and reversed in part with directions that the trial court enter a judgment in conformity with this opinion. It is so ordered. All concur, except *Hays, J.,* absent.

### On Motion for Rehearing and on Motion to Modify.

TIPTON, J.—Barth & Barron have filed a motion for rehearing and, also, a motion to modify. The reason assigned in these motions are that they represented Kathryn Trautz, as guardian and curatrix of Kathryn Marie Handlan Trautz, a minor, from September 15, 1921, until March 16, 1927, and no allowance was made to them for this service.

In this kind of a case, attorneys' fees and expenses are allowed to a litigant, to reimburse him for money expended by him for the benefit of the estate. The fee is not allowed to the attorney; but to the litigant.

In writing the opinion we did not overlook the question raised on these motions, but the order of the trial court allowed the fee to Barth & Barron, as attorneys for Kathryn Trautz, and no mention was made in the order as to Kathryn Trautz, guardian and curatrix; nor was this fact called to the court's attention in her motion for a new trial.

The question raised in these motions is not before us for our decision.

Both motions should be overruled. It is so ordered. All concur, except *Ellison* and *Hays, JJ.,* absent.