The First Trust Company and Pete Hedgpeth, Executors of the Will and Estate of Willis G. Brinson, Deceased, and Pete Hedgpeth, v. Harry E. Myers, Pearl Shaffer, sometimes known as Mrs. George Shaffer, Harriett Criswell, sometimes known as Mrs. Charles Criswell, Marvin B. F. Myers and Gordon Frank Lyon, Donald James Lyon, Wallace Lee Lyon and Frank M. Brinson.—188 S. W. (2d) 519.

Kansas City Court of Appeals.   April 2, 1945.

*W. M. Morton* for appellants.

*Groves & Watkins, Fred M. Wanger,* and *O. W. Watkins, Jr.,* for respondents.

*Thomas E. Atkinson* of counsel.

SPERRY, C.—This is an appeal by the executors of the estate of Willis G. Brinson, deceased, from an order sustaining a motion filed by Harry E. Myers, Pearl Shaffer, Harriett Criswell, and Marvin B. F. Myers, wherein they sought an allowance of attorneys' fees to their attorneys, Groves & Watkins, O. W. Watkins, Jr., Fred M. Wanger, and Thomas E. Atkinson.

This allowance of fees who made in a suit brought by The First Trust Company and Pete Hedgpeth, executors of the will of Willis G. Brinson, deceased, and by Pete Hedgpeth, in his individual capacity, for the construction of the will of Willis G. Brinson. The attorneys securing the allowance of fees here complained of represented certain of the legatees named in the will, they and others being defendants in the will construction suit. They contended, unsuccessfully, for a construction of the will that would have given their clients a greater distributive share of the testator's estate than that

which they received. The appellants, who were plaintiffs in said will construction suit, have appealed from the allowance of such at-tornys' fees and contend that such allowance is improper and un-lawful.

Willis G. Brinson died April 5, 1940. His will was duly probated and the appellants were duly qualified as executors. The will con-tained the following language:

"I give, bequeath and devise to my legal heirs, who are as follows: my brother Frank M. Brinson of St. Joseph, Missouri; my nephew Pete Hedgpeth of Rockport, Missouri; my niece Mrs. Charles Criswell, of Chickasha, Oklahoma; my niece Mrs. Pearl Shaffer of St. Joseph, Missouri; my nephew H. E. Myers of Bethlehem, Pennsylvania; my nephew Marvin B. F. Myers of Wichita, Kansas; in complete and perfect ownership all of my rights and property of every kind and nature, whether real or personal wherever situated—

"My half brother, Leonard Lyon, died in January, 1892, leaving a son Frank Lyon, whom I have not heard of for many years. I have no knowledge as to whether he is living or dead. If my nephew Frank Lyon should be living I bequeath to him the sum of Ten Dollars ($10.00) to be paid out of my estate."

All of testator's heirs named in his will survived him except Frank Lyon who died sometime prior to testator's death leaving three chil-dren who were also named as defendants in the will construction suit. The questions raised by plaintiffs were:

First, do the legatees named in the will take equally, share and share alike, or do they take as heirs would take according to statutes of descent of Missouri; and, Second, do the children of Frank Lyon take anything?

Groves & Watkins, O. W. Watkins, Jr., and Fred M. Wanger filed answer for Harry E. Myers, Pearl Shaffer, Mrs. Criswell and Marvin B. F. Myers, heirs of the half blood of testator, alleging that their clients, who were the only surviving children of Mamie Lyon Myers, a sister of the half blood of the testator, share equally with all other legatees named by the testator. It was contended that each of said legatees so named took a one-sixth interest in said estate. Pete Hedg-peth, a nephew of the half blood of testator, and Frank Brinson, a brother of the whole blood, contended that the legatees named took, under the will, the same share of said estate that they would have taken as heirs under the statutes. Frank Lyon died prior to testa-tor's death and his children contended that they took, under the will, the same share that they could have taken as heirs at law if Willis Brinson had died intestate. The case was tried in the Circuit Court and appealed to the Supreme Court where it was argued before Di-vision No. 1, then before the court *en banc* and, on disqualification of one of the judges, it was again argued before the court *en banc*. There is no question but that the will is ambiguous and court con-

struction was a necessity.

Since the children of Frank Lyon are not parties to this appeal we shall, hereafter, refer to the executors as appellants and to the defendants who filed this motion as respondents. Respondents sought an allowance of $3,000 and the court allowed $1658.52.

The attorneys above mentioned were retained by their clients under an agreement by the terms of which they were to receive a specified contingent fee.

At the time of the hearing on the motion, the executors had reduced the assets of the estate to cash and had on hand $81,901.99, of which some $75,000 would, eventually, be available for distribution to the beneficiaries of the will.

Respondents contend that the appeal should be dismissed because it was taken and is prosecuted by the executors who, respondents claim, are not aggrieved by the judgment appealed from.

An appeal prosecuted by an administrator or executor should be dismissed if such administrator or executor is not aggrieved by the judgment appealed from. [Love v. White, 348 Mo. 640, 154 S. W. (2d) 759, l. c. 760; Smith v. Oliver, 157 S. W. (2d) 558; In re Whitsett's Estate, 172 S. W. (2d) 965, l. c. 966.] There is no question but that the law is as declared in the cited decisions; but the question here is: May the executors, as such, maintain *this* appeal?

In Sandusky, Exr., v. Sandusky, 265 Mo. 219, the executor and trustee appealed to this court from an order allowing attorneys' fees in a will construction case. This court transferred the cause to the Supreme Court where the appeal was entertained and the judgment was reversed. In Trautz v. Lemp, 72 S. W. (2d) 104, l. c. 107, the Supreme Court ruled a case dealing with allowance of attorneys' fees wherein the executors and trustees had appealed. The court, nor any of the parties, raised any jurisdictional question. In Love v. White, *supra,* the court held that the question of the right of an executor or administrator to appeal from a judgment by which he had not been aggrieved, was jurisdictional and could be raised by the court itself. In both the Sandusky and Trautz cases appeals were by executors and trustees; but we can see no difference, in principle, between the status of an executor and that of a trustee so far as the right to appeal an order allowing attorney's fees.

We are cited to no decision in Missouri ruling the question. However, as heretofore stated, that is not the first case in which an executor or administrator and trustee have appealed from an order allowing attorneys' fees against an estate. It would seem, therefore, that the practice has the tacit approval of the Supreme Court. That court has the power, often exercised, to dismiss an appeal for lack of jurisdiction, on its own motion. It would not have ruled on the merits of such cases had it not considered that it had jurisdiction. We are loath to render a decision in this case which, by inference,

would indicate that this court thought that the Supreme Court, had exercised jurisdiction in similar cases when, in fact, it had none. Furthermore, if such an allowance, in a given case, were either unlawful or exorbitant, it ought to be the duty of the executor to appeal, otherwise creditors would be without remedy. If there should be no creditors who would suffer, as in this case at bar, yet there might be infants and incompetents, or unknown and uninformed beneficiaries, unable properly to protect the estate or their interests therein. The right of appeal is statutory and does not exist unless so authorized; but the object to be subserved by appeal is to get at the very right of the cause and statutes pertaining to procedure should be liberally construed to the end that courts shall not plant thorns in the paths of appeal. [Stid v. Railroad, 211 Mo. 411, l. c. 418.] In holding, as we do, that executors and administrators are proper persons to appeal in cases of this kind we are not in conflict with the decision of any appellate court of this state; we are following the established practice of the Supreme Court; and such a holding would appear to be in harmony with both reason and equity in cases where attorneys' fees are allowed.

The Supreme Court of Colorado, in In re Curtis' Estate, 86 Pac. (2d) 260, held that the executor had no appealable interest in a case where attorneys' fees had been allowed in a will construction case. The reason assigned for the ruling is that the executor had no interest in what particular construction the court might have given the will in the main case. It is true that he had no interest in what might prove to be the true construction; but he was interested in having the court give it a proper construction, and in conserving the assets of the estate for the purposes to which they were to be eventually devoted. Furthermore, the court did not finally rest its decision on the reason above stated. If it had done so it should have dismissed the appeal. Instead, it ruled the merits of the case and held that such fees were allowable under the Colorado Statutes. We are not persuaded to follow that decision.

It is well settled in this state that the court may, under certain conditions, allow a reasonable amount to parties litigant in proceedings touching trusts, as attorneys' fees. [Drake v. Crane, 66 Mo. App. 495, l. c. 499; Sandusky, Exr., v. Sandusky, 265 Mo. 219; Hartnett v. Langan, 282 Mo. 471, l. c. 490; Trautz v. Lemp, 334 Mo. 1085, 72 S. W. (2d) 104; Trautz v. St. Louis, Trustee for Mullanphy v. McAllister, 302 Mo. 152, l. c. 158, 257 S. W. 425, l. c. 426; Kingston v. St. Louis Union Trust Company, 348 Mo. 448, 154 S. W. (2d) 39.] (If a trust is set up under a will and if the terms of the will concerning the trust are ambiguous a suit for construction may be instituted and all parties participating therein may be awarded attorneys' fees. [Kingston v. St. Louis Union Trust Company, supra, l. c. (Mo.) 458, 459.] Such allowances are made on the theory that

they are proper if the efforts of such participants are helpful to the court and directed toward upholding the trust, or if the trust otherwise benefits thereby.) [Trautz v. Lemp, *supra*, l. c. (S. W. 2d) 110.]

We have found no decision by an appellate court of this state in a simple will construction case, where no trust is involved, which holds that any party, other than the executor, is entitled to an allowance for attorneys' fees. In all of the above cited cases, and in others which we have examined, trusts were involved in some way.

It is stated in Corpus Juris that the rule in Missouri in will construction cases is that none, other than the executor, is entitled to an allowance for attorneys' fees, 69 C. J. 905. As authority for that declaratoin Hartnett v. Langan and Drake v. Crane, both *supra*, are cited. Both involve trusts.

In Hartnett v. Langan, *supra*, l. c. (Mo.) 490, the court said:

"As we understand the authorities, including Sandusky v. Sandusky, 265 Mo. 219, relied upon by the plaintiffs, it is only the executor or other parties appointed to carry out the provisions of a will who are allowed counsel fees in suits for the construction of the will. . . ."

But for what the Supreme Court there said the author of this opinion would be inclined to doubt that the decisions have established such a clearly defined rule as is declared in Corpus Juris, *supra*.

Appellants contend that the St. Louis Court of Appeals recognized the rule, and adhered to it, in Littleton v. General American Life Insurance Company, 136 S. W. (2d) 433, l. c. 441. However, the case there ruled was one for the construction of a will wherein a trust was involved and, while the court cited Hartnett v. Langan, *supra*, as authority for disallowing attorneys' fees, it is by no means clear that the court had in mind the above quoted language of the opinion in the Langan case, since that case also involved a trust. Without further discussion of whether or not such a rule has been formulated or promulgated by the decisions, we think it should be the rule and that respondents, not being the executors, are not entitled to an allowance for attorneys' fees in a simple will construction case where no trust was involved.

The judgment should be reversed. *Boyer, C.*, concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed. All concur.