**Robert A. HEREFORD et al. (Plaintiffs), Appellants,**

v.

**The UNKNOWN HEIRS, Grantees or Successors of Adelle THOLOZAN, Deceased, et al., Arthur P. Lucchesi, Individually, and as Executor of the Estate of Eulalie A. Phillips, Deceased, et al. (Defendants), Respondents.**

No. 29729.

St. Louis Court of Appeals.

Missouri.

Nov. 5, 1957.

Stamm, Millar, Neuhoff & Campbell, David Y. Campbell, C. Sidney Neuhoff, St. Louis, for appellants.

Thompson, Mitchell, Thompson & Douglas, Richard P. Conerly, Charles M. Spence, St. Louis, for respondents Locust Realty Co., and Frank's, Inc.

John H. Garber, St. Louis, for respondent Maginn Inv. Co.

Joseph A. Kirkwood, St. Louis, for respondents Fred Sanguinet and others.

Thomas O. McNearney, St. Louis, for respondent Arthur P. Lucchesi individually and as executor of Eulalie A. Phillips, Deceased.

MATTHES, Judge.

Plaintiffs have appealed from the judgment denying their motion for allowance of attorneys' fee of $7,500 for services rendered in the suit out of which this proceeding arose, to which reference shall sometimes be made as the principal case.

Robert A. Hereford instituted the principal case in July, 1950, against numerous defendants. The petition, styled "Suit in Partition," affected and sought partition of three parcels of real estate situated in the City of St. Louis, Missouri, and the proceeds of a condemnation award alleged to be in the registry of the circuit court of that city. In 1953, an amended petition in six counts was filed by the plaintiffs herein. Count one sought a decree construing the will of Adelle Tholozan, and a finding that plaintiffs and certain defendants named in paragraph II of the amended petition were the "devisees and owners in fee simple ab-

solute of said real estate, * * *." By counts two, three, four and five, judgment was sought quieting the title to four parcels of real estate owned by said testatrix at the time of her death, and count six sought partition of the same real estate.

By order of the trial court, the issues presented by count one were separately tried and a timely and appealable judgment against plaintiffs and certain defendants was entered thereon. In rendering judgment on count one, the court reserved jurisdiction of all questions concerning costs and attorneys' fees. From said judgment, plaintiffs and the defendants adversely affected thereby appealed to the Supreme Court where, in due time, the judgment was in all respects affirmed. See, Hereford v. Unknown Heirs, Grantees or Successors of Tholozan, Mo.Sup., 292 S.W.2d 289. Subsequent to the filing of the mandate, plaintiffs and certain defendants filed their motions for allowance of attorneys' fees and costs. The trial on this phase of the litigation resulted in a judgment denying all of the applications except the motion filed on behalf of Mr. Edmond B. Garesche, an attorney, who had been appointed by the court to represent one defendant, and in his favor an allowance was made which is not here questioned. Since only the plaintiffs appealed, our concern is limited to the action of the court with respect to their application.

Not only does that portion of the will of Adelle Tholozan on which the issues were focused in the principal case appear in Hereford v. Unknown Heirs, etc., supra, but all other facts relevant to an understanding of the background of this proceeding, as well as the contentions of the adversary parties in the principal case, are fully reported by the Supreme Court in its opinion. Such being the situation, we refrain from again presenting a detailed factual statement, and shall limit our discussion of the facts to those matters which we find necessary to a proper disposition of the contentions here advanced.

The sole point presented is whether, under the circumstances surrounding the main suit, plaintiffs are entitled to recover from respondents reasonable attorneys' fees for services rendered in such litigation. Plaintiffs say they are because: (1) the primary purpose of the principal case was to obtain construction of the will, the necessity for which was admitted by respondents in their answers; (2) the services rendered by plaintiffs' attorneys were beneficial to all parties, and the fact that plaintiffs advocated their own self-interests, is immaterial; and (3) in view of the necessity for the construction of the will the fee should be allowed irrespective of the outcome of the proceeding.

Our attention is directed to the case of St. Louis Union Trust Co. v. Kaltenbach, 353 Mo. 1114, 186 S.W.2d 578, said by plaintiffs to announce the precise principle of law upon which their right to a fee is based. Therein the Supreme Court recognized the general rule stated in 21 Am.Jur., Executors and Administrators, 692, Sec. 553, which is, "where a testator has expressed himself so ambiguously as to make it necessary or advisable to institute an action or suit to obtain a construction of the will, it is proper to order payment out of the estate of reasonable fees of attorneys of the party instituting the action or suit, irrespective of the outcome of the proceedings," 186 S.W.2d loc. cit. 583. While this rule would seem to have broad application, the fact remains that in St. Louis Union Trust Co. v. Kaltenbach, the court was dealing with a will which created a trust estate, and the trustee was specifically requesting directions as to the distribution of the trust property. It is elementary that the court's pronouncement must be considered in light of the factual situation there presented. Such being true it can hardly be contended that the rule governs this case where we are concerned with services rendered by attorneys in an action involving an ordinary will construction.

Plaintiffs also cite Kingston v. St. Louis Union Trust Co., 348 Mo. 448, 154

S.W.2d 39; Bernheimer v. First Nat. Bank of Kansas City, 359 Mo. 1119, 225 S.W.2d 745; Garrison v. Garrison, 354 Mo. 62, 188 S.W.2d 644; Lang v. Mississippi Valley Trust Co., 359 Mo. 688, 223 S.W.2d 404; O'Reilly v. Jackson, Mo.Sup., 269 S.W.2d 631; and Lang v. Taussig, Mo.App., 194 S.W.2d 743. To these we add City of St. Louis v. McAllister, 302 Mo. 152, 257 S.W. 425; and First National Bank of Kansas City v. Blocksom, Mo.App., 217 S.W.2d 296. Like St. Louis Union Trust Co. v. Kaltenbach, and Kingston v. St. Louis Union Trust Co., supra, the construction of a testamentary trust was directly involved in each of these cases. Recognizing that it is a doctrine of equity that a trust fund or estate of right should bear the expense of its own administration, these cases stand for the general proposition that where ambiguity exists in an instrument creating a trust, resulting in a legitimate controversy as to the proper distribution of the trust fund or property or the administration thereof, the party instituting an action to secure a clarification or construction of the instrument, regardless of whether he benefits by the outcome, is entitled to expenses incurred, including a reasonable allowance for attorneys' fees. But we read nothing in the expressions of the courts on the subject warranting application of the rule to an action involving the construction of a simple or ordinary will. Indeed, the prevailing law in this jurisdiction forbids allowances on actions having the characteristics of the principal case out of which this proceeding arose. In First Trust Co. v. Myers, 239 Mo. App. 403, 188 S.W.2d 519, the court was required to consider and determine the propriety of allowances in a will construction action. After recognizing the rule stated in Kingston v. St. Louis Union Trust Co., supra, and in other cases above cited, the court made this comment, which expresses our position: "We have found no decision by an appellate court of this state in a simple will construction case, where no trust is involved, which holds that any party, other than the executor, is entitled to an allowance for attorneys' fees. In all of the above cited cases, and in others which we have examined, trusts were involved in some way." (188 S.W.2d loc. cit. 522). 96 C.J.S. Wills § 1096, p. 809, pinpoints the applicable law in this jurisdiction in these words: "In Missouri * * * counsel fees are not allowable out of the estate to any party other than the executor or other fiduciary, *except where a trust is involved*. Accordingly, where a trust is involved and the testator has expressed himself so ambiguously that it becomes necessary to institute an action to obtain construction of the will, the complainant may be entitled to reasonable counsel fees to be paid out of the estate." (Italics supplied.) Cf. also Littleton v. General American Life Ins. Co., Mo.App., 136 S.W.2d 433; Obetz v. Boatmen's Nat. Bank of St. Louis, 361 Mo. 221, 234 S.W.2d 618.

Reference to the questioned portion of the will of Adelle Tholozan, set out verbatim in Hereford v. Unknown Heirs, Grantees or Successors of Tholozan, supra, Mo.Sup., 292 S.W.2d 289, loc. cit. 291, at once discloses that a testamentary trust was not involved. Basically the question was whether Eulalie Phillips, upon the death of her mother, Adelle Phillips, became invested with the fee title to the residue of the testatrix' property, or only a life estate therein. The appellants in the principal case, as descendants and survivors of testatrix' brother and three sisters mentioned in Item 2 of the will, contended that Eulalie acquired only a life estate and that upon her death they, as residuary devisees, became invested with the fee title to the property. Neither the trial court nor the Supreme Court agreed with this contention, and the net result was that plaintiffs herein and those defendants similarly situated were denied any interest in the property which, as shown by the court's opinion, has long since been conveyed to other parties.

■ Appellants strenuously insist that because the will was ambiguous a judicial construction thereof was essential in order to "settle and determine the conflicting

claims of the parties under the will." And they say that because they set in motion the steps which ultimately resulted in clarification of the will the parties who benefited (defendant property owners) should be required to pay all expenses incurred by plaintiff in the litigation. While plaintiffs did by count one of their amended petition seek construction of the will along with a decree· that they were the owners in fee simple of all the property owned by testatrix at the time of her death, and although it is evident that the ambiguity was clearly resolved by the Supreme Court, we are unable to agree that this facet of the situation compels the allowance herein requested. The fact of the matter is that the primary purpose of the main litigation was to have the will so construed as to completely divest those parties owning the property in question from any interest therein, and of transferring title thereto to plaintiffs and the defendants standing in the same position. As stated, not only did plaintiffs in Count One pray for a decree that they were the owners of the property, but by Counts Two, Three, Four and Five (each affecting a different parcel of real estate) they sought a judgment quieting title in them and certain defendants. Even in those cases where trust provisions were involved, attorneys' fees were not allowed where the petition was not filed merely for the purpose of obtaining a construction of the instrument creating the trust and directions of the court in regard thereto, but to enable the litigant to obtain something as an heir, Trautz v. Lemp, 334 Mo. 1085, 72 S.W.2d 104, 107; Thatcher v. Lewis, 335 Mo. 1130, 76 S.W.2d 677, 684; St. Louis Union Trust Co. v. Kaltenbach, supra, 353 Mo. 1114, 186 S.W.2d 578, 583; Lang v. Taussig, supra, Mo.App., 194 S.W.2d 743, 748; Creek v. Union Nat. Bank in Kansas City, Mo.Sup., 266 S.W.2d 737, 751, 752, or where plaintiff instituted the action for his own benefit and not for the benefit of the trust or the estate. Clark v. Mississippi Valley Trust Co., 357 Mo. 785, 211 S.W.2d 10, 18. A fortiori, the rule must be applied where, as here, the litiga-

tion was not focused upon a live trust but upon an ordinary will, and was designed primarily to take property from certain parties and award it to others.

On the record before us and in line with the rationale of the decisions in this jurisdiction, we must hold that the trial court properly ruled plaintiffs' motion. Accordingly, the judgment is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.