IN RE ESTATE OF JOHN H. CHARLES.
HENRY H. FOSTER ET AL., APPELLANTS, V. T. T. BELL ET AL.,
ADMINISTRATORS, APPELLEES.

FILED JULY 22, 1932. No. 28255.

*Cleary, Suhr & Davis,* for appellants.

*T. T. Bell* and *Prince & Prince, contra.*

Heard before GOSS, C. J., DEAN, GOOD and EBERLY, JJ., and BEGLEY and BLACKLEDGE, District Judges.

BEGLEY, District Judge.

This is an action brought to recover attorney's fees from the estate of John H. Charles, deceased, for services alleged

to have been rendered to one W. A. Johnson, executor, in an unsuccessful attempt to probate a will wherein Johnson was named as residuary legatee.

John H. Charles, a resident of Howard county, Nebraska, died on the 23d day of September, 1926. After his death W. A. Johnson, not a relative or connected in any way by personal or family ties, but who had been associated with him in business as his banker and otherwise, presented a purported will to the judge of the county court of Howard county, asking that it be admitted to probate.

John H. Charles owned an estate of about $125,000. The will presented for probate gave $15,000 to his brother, George Hogg, and the balance of the estate, amounting to more than $100,000, to Johnson. The heirs at law of Charles contested the will upon two grounds: (1) That it had been revoked; (2) that it had been executed because of undue influence exercised by Johnson over Charles. On the hearing in the county court the will was denied probate and was found to have been revoked and judgment was entered accordingly. Special administrators were appointed who took charge of the estate. Johnson was never appointed as executor, neither did he have anything to do with the administration of the estate. An appeal was taken by Johnson from the judgment and the findings of the county court to the district court and, upon trial before a jury, practically the same decision was rendered, and on appeal to this court the decision of the district court was affirmed. *In re Estate of Charles,* 118 Neb. 634.

On the first hearing of this case in the county court, Messrs. Taylor and Spikes of St. Paul and one Murphy of Omaha appeared as attorneys for Johnson. No charge for services in the county court is involved in this case. Johnson paid for the services rendered by his attorneys in that court. After the will had been denied probate in the county court, Johnson employed the appellants, Messrs. Ledwith, Foster, and Hall, Cline & Williams, as his attorneys and also retained as his attorneys Messrs. Taylor, Spikes, Dobry and Murphy, although Murphy subsequently withdrew from the case.

After the alleged will had been denied probate as aforesaid, the appellants herein, Foster, Ledwith, and Hall, Cline & Williams filed a claim in the county court of Howard county, Nebraska, alleging that certain attorneys' fees were due them as attorneys in attempting to probate said will; that they had requested the said Johnson to file said claim; that he had refused, and that they were entitled to have the same allowed against the estate. Said claim was disallowed in the county court, and on an appeal to the district court a trial was had to a jury, and at the close of the evidence both sides requested a directed verdict, which automatically took the case from the jury and placed the decision in the hands of the court. The trial judge thereupon sustained the motion of the appellees herein and directed a verdict in favor of the estate. The appellants have appealed.

The question involved in this case is whether or not the estate of John H. Charles, now in the hands of the administrator, can be chargeable with attorneys' fees of attorneys employed by the executor named in the will of said Charles in a contest wherein the will was found to have been revoked by a subsequent instrument.

Under the law of this state it is the duty of a person appointed as an executor in an alleged last will and testament to present said document for probate and to signify to the court his acceptance of the trust. Comp. St. 1929, sec. 30-215.

And it is also the duty of such executor to request the probate of his testator's will, and if he does so in good faith, attorney's fees and reasonable expenses incurred by him in doing so are a proper charge upon the estate. *In re Estate of Hentges*, 86 Neb. 75; 10 A. L. R. 783, note; 69 A. L. R. 1052, note.

But the appellees insist that Mr. Johnson had such a special interest as the beneficiary under the will that he was really in the position of a contestant, and that the contest was waged on his behalf and against the heirs at law of the deceased and therefore his contest was not in good faith.

Attorney's fees are not ordinarily allowed in an unsuccessful attempt to probate a will where the proponent, even though he be named as executor, has a personal interest in securing the probate of the will or where he is a legatee under the will. *Wallace v. Sheldon,* 56 Neb. 55; *St. James Orphan Asylum v. McDonald,* 76 Neb. 630; *In re Estate of Genuchi,* 104 Neb. 584; *Butt v. Murden,* 154 Va. 10; *Stover v. Wayne Probate Judge,* 219 Mich. 566; *Estate of Higgins,* 158 Cal. 355.

In *St. James Orphan Asylum v. McDonald, supra,* the court said: "Too often the counsel employed by the executors are in practical effect the ardent advocates of one side of the controversy between the individual interests, in which the executor, as such should have no choice. Obviously, such advocacy should not be compensated out of the common fund if its opposition is not to be also, and courts should be cautious in allowing for services ostensibly rendered to executors, but in spirit and effect rendered to one of the opposing interests, which should bear its own expenses. * * * In the case at bar, in this court at least, the services of counsel on both sides have been rendered, not to the executors, but to the respective claimants upon this estate, who should each bear the expense therefor which he has incurred."

In the case of *Butt v. Murden, supra,* the court said: "It is impossible to examine the cases and formulate therefrom rules which are applicable to all cases. Positive and dogmatic pronouncements should be avoided. Much depends upon the peculiar circumstances. If the executor acts in good faith, he is generally entitled to reasonable allowances. In most contests, however, it is merely a question between persons who take the estate if the will is established and those who will take it under the law of descents and distributions, if not established. In such cases the executor should leave these interested parties to conduct the litigation at their own expense and to abide its results without imposing substantial charges against the estate represented by the executor."

In this case, the appellants were not employed to seek probate of the will in county court but were only employed in the district court after probate had been denied in the county court. Mr. Johnson paid his attorneys for their services in attempting to probate the will in the county court. He was greatly interested in the estate as against the heirs. He had knowledge of the revocation which had been offered in evidence and he was not an heir at law or related to the deceased. On appeal to the district court he was attempting to sustain his legacy under the will. His efforts and the services of his attorneys were not beneficial to the estate. They did not by the litigation create or preserve a fund available for the payment of their expenses. There allowance would diminish the inheritance of the heirs under the statute of descent.

Under the circumstances of this case, we are of the opinion that the judgment of the district court is correct and the same is therefore

AFFIRMED.