In Re Estate of Berenice C. Ballard, Deceased. Hilda Menzi, as Executrix of Albert M. Menzi, Deceased, Edward C. Kammerer, Leo Rassieur, and Maude L. Hewlett, as Executors of Arthur E. Kammerer, Deceased, Leo Rassieur, Otto R. Erker, and S. Mayner Wallace, Appellants, v. Nellie E. White, as Administratrix of The Estate of Berenice C. Ballard, Deceased, Respondent, No. 42701—247 S. W. (2d) 683.

Division Two, March 10, 1952.

Motion for Rehearing or to Transfer to Banc Overruled, April 14, 1952.

*S. Mayner Wallace, Leo Rassieur* and *Otto R. Erker* for appellants.

1152

*Wilbur B. Jones, Fred A. Eppenberger* and *Salkey & Jones* for respondent.

WESTHUES, C.—Berenice C. Ballard died on September 25, 1947, leaving an estate valued at more than $1,000,000. An

executed copy of a purported will of the deceased was discovered in which Albert M. Menzi had been named as executor. Menzi presented this alleged will to the Probate Court of the City of St. Louis for probate but the court rejected the instrument on the ground that the original had not been produced and its absence not accounted for. The probate court then appointed Nellie E. White as administratrix of the Ballard estate. Menzi had also been named as a beneficiary in the alleged will. He filed a suit in the circuit court as a beneficiary and as executor to have the will established. A trial resulted in a jury verdict that the paper writing was not the last will of the deceased. An appeal to this court was taken and the judgment of the circuit court was affirmed. See Menzi v. White, 360 Mo. 319, 228 S.W. (2d) 700.

After the case was finally disposed of in this court, Menzi filed a petition in the probate court with his attorneys, Arthur E. Kammerer, Leo Rassieur, and Otto R. Erker, partners, and S. Mayner Wallace, as co-petitioners, asking that the expenses of the litigation to establish the alleged will together with reasonable attorneys' fees be assessed against the Ballard estate. On July 29, 1950, Menzi died while the case was pending in the probate court. Hilda Menzi, his widow, was appointed executrix and was substituted as a party plaintiff in this case. After judgment was entered in the circuit court, Arthur E. Kammerer died and the executors of his estate, Edward C. Kammerer, Leo Rassieur, and Maude L. Hewlett, were substituted as parties plaintiff.

The probate court denied plaintiffs' claim and on appeal to the circuit court, plaintiffs were again denied any allowance. An appeal to this court was then granted.

■ In oral argument the question of this court's jurisdiction was questioned. If the amount in dispute exceeds $7,500, then the case was properly appealed to this court. In such a case to vest this court with jurisdiction, it must affirmatively appear from the record that more than $7,500 is in dispute. In the petition filed in the probate court plaintiffs asked for $1,521.40 as expenses paid in the litigation and for reasonable attorneys' fees. The petition alleged the value of the estate was over $1,000,000; that the four attorneys representing Menzi and a number of beneficiaries named in the purported will prosecuted the case from the probate court to this court; that the trial in the circuit court lasted from "March 7 to 15 of 1949"; that the transcript of the evidence aggregated 667 pages aside from the many exhibits; that the case was briefed and argued in this court.

Attorneys testified as to the value of the services rendered. No witness placed the value of the services at less than $25,000. It is our opinion that the allegations of the petition and the evidence clearly show that the services were reasonably worth far more than

$7,500. In the case of Rombauer ▮ v. Compton Heights Christian Church, 328 Mo. 1, 40 S.W. (2d) 545, l. c. 550, this court said: "This action is purely for injunctive relief. It does not involve title to real estate in the constitutional sense. Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 955, 2 S.W. (2d) 771, 776. We take jurisdiction because the record discloses the amount in dispute exceeds $7,500. Sections 2 and 12, art. 6, Constitution of Missouri; sections 3 and 4, Amendment of 1884; section 1914, Rev. St. Mo. 1929. There is testimony that the value of the three lots involved is over $65,000, freed of the restrictions sought to be enforced, and that with them on the land it is worth only about $13,000. This evidence and the photographs plainly show the pecuniary amount involved reaches within the jurisdiction of this court. Aufderheide v. Polar Wave Ice Co., 319 Mo. 337, 356, 365, 4 S.W. (2d) 776, 783, 788." See also Higgins v. Smith, 346 Mo. 1044, 144 S.W. (2d) 149, l. c. 152 (7); Vanderberg v. Kansas City, Missouri Gas Co., 199 Mo. 455, 97 S.W. 908. We hold that the appeal was properly lodged in this court.

▮ The question on the merits is whether the Ballard estate is liable for the expenses paid by Menzi and reasonable attorneys' fees in the unsuccessful litigation to establish the purported will. Or must the heirs at law pay the expenses and attorneys' fees of the adversary parties in such a suit? We think not. The real parties in interest in the case to establish the purported will were those beneficiaries named in the petition as plaintiffs and the heirs of Berenice C. Ballard, deceased, as defendants. Sec. 468.580, RS Mo 1949, authorizes interested parties to file a will contest or a suit to establish a will which has been rejected. Interested parties are such as have a financial interest in the property of the deceased. Gruender v. Frank, 267 Mo. 713, 186 S.W. 1004; In Re Soulard's Estate, 141 Mo. 642, 43 S.W. 617, l. c. 624, 625. The court speaking of the duties of an executor said: "It is also held under this statute, as has been seen, that the devisees claiming under a will must be made parties, or their interests will not be affected by the judgment; and this, though the executor be a party. The clear inference is that the executor is not required to assume the burden of the litigation, and does not represent the beneficiaries under the will. The statute authorizes a contest to be instituted to establish a will that has been rejected by the probate court. The executor is not required to commence this contest, whatever his privilege may be. It may be instituted by any person interested. If upon such a contest the will is again rejected, it could hardly be said that the estate should pay the expenses."

In Braeuel v. Reuther, 270 Mo. 603, 193 S.W. 283, l. c. 285 (7), this court held that an administrator could not institute or maintain a suit to contest a will. The same rule applies to an executor named in a purported will which has been rejected by the probate court. The

person named as executor cannot in that capacity maintain an action to establish a will.

It was conceded in this case that neither Menzi nor his attorneys had been employed by the administratrix of the estate of Berenice C. Ballard, deceased. After the alleged will was rejected by the probate court, Menzi was a stranger to the estate. When he, as a beneficiary under the rejected will, attempted to establish it as the last will of the deceased, he became an adversary of the heirs at law. The heirs at law should not be charged with the expenses and attorneys' fees of their adversaries in an unsuccessful attempt to take from the heirs their inheritance. The rule was so stated in the case of In Re Soulard's Estate, supra, 43 S.W. l. c. 624. The court in the course of the opinion said: "I am unable to see any good reason why an executor should be required to assume the burden of litigation between the parties directly interested. The estate itself is not to be affected by the result, and all parties interested in the property devised are parties to the suit. The contest being between the parties directly interested, they, and not the estate, should bear the expense of the litigation. Any other rule might operate ruinously to estates, and is contrary to ▮▮▮ the manifest policy of our law. If the expense of the contestants is to be paid out of the estate, they would have nothing to lose and everything to gain by the contest. There would be no limit to the expense the parties might incur short of the value of the estate itself. The entire estate could therefore be swallowed up in the litigation, and the contestants, if successful, would reap a barren victory. A premium to contest the will would thus be given to parties who might be displeased with the disposition the testator had made of his property." In support of this rule see Tracy v. Martin, (Mo. App.) 239 S.W. (2d) 567; In Re Arnold's Estate, 121 Cal. App. 247, 8 P. (2d) 897; Daly v. Moran, 256 Ky. 280, 75 S.W. (2d) 1041; In Re Charles' Estate, 123 Neb. 630, 243 N.W. 847.

Appellants insist that Menzi acted as a trustee in the litigation and was endeavoring to safeguard his trust. The case of St. Louis Union Trust Co. v. Kaltenbach, 353 Mo. 1114, 186 S.W. (2d) 578, l. c. 583, was cited as authority. The fallacy of appellants' contention is that Menzi was not in fact at any time an executor within the meaning of the law. To be an executor under the law one must have been duly appointed by a probate court and must have qualified and have accepted the appointment. Appellants introduced in evidence agreements entered into by the heirs of Berenice C. Ballard, deceased, wherein they agreed as to the division of the estate. Appellants were not parties to these agreements and therefore such agreements have no bearing on the issues now before the court.

We have examined all of the theories proposed by appellants to establish liability against the estate for the expenses and attorneys'

1156

fees of the litigation to establish the will and we find no merit therein.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.