**In re the ESTATE OF Merrill
W. CHRISMAN.**

**Jack HANNEBAUM, Ward Fickie and
Biggs, Boles, Kopman, Casserly, Fickie
and Barnes, P.C., Petitioners/Appellants,**

v.

**The ESTATE OF Merrill W. CHRISMAN, Respondent/Respondent.**

No. 51199.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 16, 1986.

Motion for Rehearing and/or
Transfer Denied Jan. 27, 1987.

Ward Fickie, St. Louis, for petitioners/appellants.

M. Harvey Pines, Clayton, for respondent/respondent.

REINHARD, Judge.

Attorneys representing contingent remainderman under a residuary testamentary trust sought an allowance from the estate for fees and reimbursement of expenses. The trial court found the requested amounts to be reasonable but denied the petition for allowance. Remainderman joins his attorneys in this appeal. We reverse.

Petitioner Jack Hannebaum is a contingent remainderman under a residuary trust established by the will of his uncle, Merrill W. Chrisman (decedent). Decedent executed his will September 1, 1979, and died September 22, 1979. The will creates a marital trust and a residuary trust and names Ruth L. Chrisman, decedent's surviving spouse, and William H. Wisbrock, as co-executors and co-trustees. The will provides that the corpus of the marital trust consist of a sum equal to one-half the value of decedent's gross estate for federal estate tax purposes, reduced by the value of any property which passes to decedent's spouse under the will or by operation of law. Mrs. Chrisman is life beneficiary of the marital trust income and has a power of appointment over the remainder.

The will also provides that the residuary trust consist of the residue of decedent's gross estate and is to be funded after payment of specific bequests and funding of the marital trust. Mrs. Chrisman also is life beneficiary of the entire net income from the residuary trust, and, upon her death, the principal and any undistributed income go to Hannebaum if he survives her. If he predeceases Mrs. Chrisman, the residuary trust corpus and undistributed income go in equal shares to Mrs. Chrisman's two children by a previous marriage and to Hannebaum's daughter or the survivor of them.

The largest asset of the estate was a promissory note which was substantially in default immediately prior to decedent's death. On decedent's federal estate tax return the note was valued at $1.00. Shortly thereafter, the obligation was satisfied by payment of the $117,099.04 delinquent amount and the making of a new note in the amount of $525,000.00 which, in turn, was paid in full prior to this litigation.

Hannebaum retained counsel and, in September 1984, filed motions to compel final settlement and to remove Mrs. Chrisman and Wisbrock as co-executors of the estate and co-trustees of both trusts. At that time, probate court records indicated the co-executors had not filed any settlements since the grant of letters testamentary on October 15, 1979.

The court ordered that annual settlements for 1984 and the preceding four years be filed on various dates throughout October 1984, but no settlements were filed. The court then ordered certain documents produced by November 16, 1984, and the settlements filed by November 19, 1984. The settlements were filed on that date, and first amended settlements were filed December 18, 1984. Hannebaum took exceptions to the amended settlements.

On April 1, 1985, Mrs. Chrisman filed a motion, denominated "Motion of Co-executrix Ruth L. Chrisman for Declaratory Judgment," asking the court to construe the will and trusts to allow her to encroach upon the principal of the estate during its administration, to allow broad encroachment powers on both trusts, and to require payment of one-half the amount collected on the note to be included in the marital trust.[1]

The court took up all matters in a hearing that began June 5, 1985, and lasted four days. The trial court spent more than 60 hours reviewing the pleadings, memoranda of law, and the evidence and in researching and drafting its extensive findings, conclusions, and order which in total comprised 39 pages. The court found numerous incidents of mismanagement on the part of Mrs. Chrisman and Wisbrock.

---

1. The motion for construction was filed under the declaratory judgment statute, § 527.040(3), RSMo and rule 87.02. Since 1955, under § 474.520, a court in which a will is probated has jurisdiction to construe the will.

The court also found the question of the "funding of the marital trust vis-a-vis the funding of the residuary trust" to be a major issue between the parties. The court accepted Hannebaum's construction of the will on this issue and concluded that decedent intended the marital trust be funded under a "pecuniary formula, and not a fractional share formula," and that "the pecuniary formula was ascertained as of the date of decedent's death, the date chosen for Federal Estate Tax purposes." Thus, the court found, any "windfall" which resulted from payment of the note properly belonged to the residuary trust.

Another major issue raised by Mrs. Chrisman's motion was whether encroachment upon the principal of the estate could be made for the benefit of Mrs. Chrisman prior to a distribution by the estate to the trustees.[2] As of the date of trial, no distribution had been made to the two trusts. The court, however, found encroachments upon the principal of the estate in the amount of $309,768.82 had been made for Mrs. Chrisman's benefit. The court said those encroachments were improper for two reasons. First, because funds in the estate had not been separated and transferred to the trusts, there was no fund upon which the co-trustees could encroach. The assets were in the hands of Wisbrock and Mrs. Chrisman as executors, not as trustees, and powers given them as trustees could not be exercised over funds in their hands as executors. Second, if encroachment prior to separation of funds into the trusts had been permitted, the trustees did not satisfy the encroachment requirements established by the will for the residuary trust. Although the will provided for encroachment on the principal of both the marital and residuary trusts for the benefit of Mrs. Chrisman, encroachment on the residuary trust principal was more greatly restricted.

The court removed Mrs. Chrisman and Wisbrock as co-executors of the estate, removed Mrs. Chrisman as co-trustee of both trusts, and accepted Wisbrock's resignation as co-trustee of both trusts. It surcharged Mrs. Chrisman individually the sum of $359,495.44; Wisbrock, $96,637.85; and Mrs. Chrisman and Wisbrock $11,375.10, jointly and severally. Apparently, no appeal was taken from the court's orders.

Hannebaum's counsel subsequently petitioned the court to allow the estate to pay attorney fees of $72,000 and expenses of $1,503.03.[3] Mrs. Chrisman objected to the request for payment of fees and expenses claiming that Hannebaum's primary motivation in the underlying litigation was to protect his own interest in the estate and not to preserve the estate for other contingent remaindermen.

Following a hearing on December 3, 1985, the court found the amount requested "to be reasonable given the complexity of the case and the amount of work required" and that "the corpus of the estate has grown considerably from its condition prior to the remainderman's institution of these matters." The court questioned its authority to allow the fees; however, it stated that, if it had the authority, it would not make the award because Hannebaum was "primarily looking out for his own interests." Although Hannebaum's efforts resulted in "substantial benefit to the estate," the court said this was "largely a coincidence," and it denied the petition.

■ We believe the court abused its discretion in denying attorney fees and expenses to Hannebaum's attorneys. The court had the authority to make an award, and the law and the record fully support an award. The trial court was exercising probate jurisdiction and "in connection therewith, possess[ed] general equitable pow-

---

**2.** No issue existed concerning distribution of the income of the estate.

**3.** The petition was filed by the attorneys and later joined by Hannebaum. Although attorney fees and expenses are allowed to litigants and not to attorneys in this type of case, *Nelson v.*

*Mercantile Trust Co.,* 335 S.W.2d 167, 175 (Mo. 1960), this appears to be a matter of form rather than substance. In *Jesser v. Mayfair Hotel, Inc.,* 360 S.W.2d 652 (Mo. banc 1962), the supreme court approved allowance of fees directly to the attorneys. *Id.* at 665.

ers." Mo. Const. Art. V, § 27.3; *Estate of Murray*, 682 S.W.2d 857, 858 (Mo.App. 1984). The record reveals that the proceedings for which attorney fees are sought from the estate involved Hannebaum's action to compel final settlement and to remove the co-executors and co-trustees and his defense against Mrs. Chrisman's motion for declaratory judgment to construe the will. The authority of a probate court to grant attorney fees to a party obtaining an accounting from and removal of an executor was firmly established in *Murray*. There the court, in allowing fees to an heir of a one-seventh interest in the estate who had brought the action, stated:

> While there is scant authority, Missouri seems to follow the rule that expenses incurred by a beneficiary of an estate, rather than the personal representative, must be shown to be beneficial to the estate as a whole rather than to just individuals interested therein. As a general principle, the allowance of attorney fees under the criteria of "equitable balancing of benefits" is governed by the rule ... that "very unusual circumstances" must be shown. As to this specific situation, where a beneficiary of an estate is seeking an allowance for attorney fees from the estate based upon an action for an accounting from and removal of a personal representative, there should exist the requirement that not only must the action have been successful, but that the result is beneficial to the estate. (Citations omitted).

682 S.W.2d at 858–59.

Under the *Murray* test, Hannebaum's attorneys clearly are entitled to reimbursement from the estate. We need not again recite the condition of the estate prior to Hannebaum's legal action; the resulting benefit to the estate is obvious. Moreover, Hannebaum's interest in the Chrisman estate is contingent whereas the interest of respondent Breen in *Murray* was vested.

■ In addition to the justification for attorney fees under *Murray*, we have before us the additional issue of the construction of the will and the trusts as framed by Mrs. Chrisman's motion for declaratory judgment. The authority to allow payment of fees in will construction cases involving trusts is well entrenched in Missouri law. In an action to obtain construction of a will creating a trust, reasonable attorney fees may be paid out of the estate to the defeated as well as the successful parties, the theory being that the litigation is indispensable to the proper administration of the fund. *Lang v. Taussig*, 194 S.W.2d 743, 748 (Mo.App.1946).

■ There are circumstances, however, in which a court is justified in denying attorney fees in a case involving construction of a will which creates a trust. If a party's purpose is to destroy the trust, he cannot secure attorney fees from the trust. *Trautz v. Lemp*, 334 Mo. 1085, 72 S.W.2d 104, 109 (1934). Nor can a party obtain attorney fees when his purpose in bringing an action is to obtain something as an heir. *Id.* at 108. And a court is not justified in allowing payment of attorney fees and expenses out of the estate "when the beneficiaries litigate questions capriciously or without reason; if the issues are immaterial or trifling, or if the conduct of a party is vexatious and litigious, or if he raises improper points, or in any way creates unnecessary delay or expense...." *Coates v. Coates*, 316 S.W.2d 875, 878 (Mo.App.1958) (quoting 90 C.J.S. *Trusts* § 261(9) at 322 (1955)). The fact that a beneficiary's endeavor served his own interest in addition to the interests of the estate, however, does not defeat his right to an allowance of attorney fees. *Lang*, 194 S.W.2d at 748.

Hannebaum's resistance to Mrs. Chrisman's will construction action was essential to the estate. No other party, including a representative of the estate, resisted. None of the above cited authority would disqualify Hannebaum's attorneys from an allowance for fees. Hannebaum's defense in the will construction action was not an attempt by him to destroy the trust, nor was it an action to obtain something as an heir as was the intention of Kathryn Trautz. *See, Trautz*, 72 S.W.2d at 109. Hannebaum's actions were in good faith

and were not capricious or without reason, the issues presented by him were not trifling, his conduct was not vexatious, and he did not create undue delay or expense. *See Coates*, 316 S.W.2d at 878. Thus, Hannebaum's attorneys also are clearly entitled to an allowance for fees in connection with Mrs. Chrisman's will construction motion.

Having determined that Hannebaum's attorneys are entitled to an allowance for fees and expenses based on the issues raised in the probate division of the circuit court, we find that the trial court abused its discretion in denying recovery. Under the authority of Rule 84.14 we order the successor executor to pay to appellant attorneys the sum of $73,503.03 from the estate.

SMITH, P.J., and DOWD, J., concur.