### In re the ESTATE OF Merrill W. CHRISMAN.

### No. 54412.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 6, 1988.

Marion Harvey Pines, Clayton, for appellant.

John W. Howald, Hillsboro, Ward F. Fickie, Davis Biggs, Jr., St. Louis, for respondent.

GARY M. GAERTNER, Judge.

This case is a consolidation of two appeals relating to the probate of Merrill W. Chrisman's estate. Ruth L. Chrisman appeals the trial court's order of March 10, 1988. She raises two points on appeal. Mrs. Chrisman argues it was error for the trial court to surcharge her $3,025.79, representing interest and penalties assessed against and paid by the estate for its failure to timely file a federal income tax return. She also maintains it was error for the trial court to surcharge her $7,411.08, representing interest paid by the estate with respect to an award of attorney's fees. Jack Hannebaum appeals the trial court's order of January 12, 1988. He raises three points on appeal. Mr. Hannebaum alleges

the trial court erred in determining that Mrs. Chrisman purchased certain shares of stock with her personal funds and, thus, erred in not requiring her to pay the estate the profits earned on these stocks. As well, he contends the trial court erred in failing to surcharge Mrs. Chrisman for both the total of funds designated as "unidentified withdrawals" and for $15,000.00 which allegedly "disappeared" from an account containing commingled funds. We affirm in part, reverse in part and remand in part.

Merrill W. Chrisman died on September 22, 1979. Mr. Chrisman's will created a marital trust and a residuary trust and named Ruth L. Chrisman, his surviving spouse, and William H. Wisbrock as co-executors and co-trustees. Mrs. Chrisman is the life beneficiary of income from the marital trust and has a power of appointment over the remainder. She is also the life beneficiary of the income from the residuary trust; upon her death, the principal and any undistributed income go to Jack Hannebaum if he survives her. The estate has been the subject of much litigation; this court has considered matters relating to the estate in two decisions, *In re Estate of Chrisman*, 723 S.W.2d 484 (Mo. App., E.D.1986) and *In re Estate of Chrisman*, 746 S.W.2d 131 (Mo.App., E.D.1988). The latter decision contains a detailed history of the case.

This court will now set forth the facts necessary for an understanding of the specific issues presented in this appeal. The estate's federal income tax return for the fiscal year ending August 31, 1984, was not timely filed. As a result, interest and penalties in the sum of $3,025.79 were assessed against and paid by the estate. In addition, the estate was ordered to pay and did pay $72,000.00 to Jack Hannebaum's attorneys for their work in obtaining the removal of the co-executors and co-trustees and in surcharging them for various breaches of their fiduciary duty. *In re Estate of Chrisman*, 723 S.W.2d at 486. (The trial court had originally denied the request for attorney's fees.) Statutory interest on the award of attorney's fees between the date the trial court denied the request for such fees and the date of payment following the appellate ruling was in the amount of $7,411.08, which the estate paid. On March 10, 1988, the trial court ordered Mrs. Chrisman to pay $3,025.79, representing interest and penalties for the estate's failure to file an income tax return, and $7,411.08, representing interest on the award of attorney's fees.

In addition, the trial court in its April 20, 1987 and January 12, 1988 orders found that 100 shares of stock in Sears had been purchased by Mrs. Chrisman with commingled funds and, thus, were subject to a surcharge. The trial court further determined that shares of stock in American Express and Toys-R-Us were purchased with Mrs. Chrisman's personal funds and, thus, not subject to a surcharge. Finally, the trial court made no determination as to funds designated "unidentified withdrawals" on bank records with which Mrs. Chrisman supplied the court or as to $15,000 which, Mr. Hannebaum alleges, represented commingled funds and which "disappeared without explanation."

At the outset, we note the applicable standard of appellate review. This court will affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 31 (Mo. banc 1976).

■ In her first point, Mrs. Chrisman claims the trial court erred in surcharging her $3,025.79 for interest and penalties assessed against and paid by the estate for its failure to timely file a federal income tax return. She refers this court to the trial court's order on August 19, 1985, in which the court found that Mr. Wisbrock's failure to timely file the estate's income tax returns resulted in payments of interest and penalties to the Internal Revenue Service and that Mr. Wisbrock should be surcharged the amount of these payments. Mrs. Chrisman's assertion of res judicata and collateral estoppel as to the effect of the August 19, 1985 order on the January 12, 1988 order is without merit. For, until

the approval of a final settlement, the orders of the trial court are interlocutory and subject to review by that court. *Rich v. Class*, 643 S.W.2d 872, 877 (Mo.App., E.D. 1982). Further, Mrs. Chrisman's contention that she did not breach her duty as a co-executor of the estate with respect to this matter lacks merit. The decision in *In re Estate of Chrisman*, 746 S.W.2d 131 (Mo.App., E.D.1988) is dispositive; the court found Mrs. Chrisman as responsible as Mr. Wisbrock for the mismanagement of the estate, noting she was a woman possessing "considerable business acumen." *Id.* at 136. This point is denied.

In her second point, Mrs. Chrisman claims the trial court erred in surcharging her $7,411.08, which represents interest on attorney's fees allowed Mr. Hannebaum's attorneys. RSMo § 456.810.1(1) (1986) provides the following charges shall be applied against income:

> Ordinary expenses incurred in connection with the administration, management, or preservation of the trust property, including regularly recurring taxes assessed against any portion of the principal, water rates, premiums on insurance taken upon the interests of the income beneficiary, remainderman, or trustee, *interest paid by the trustee*, and ordinary repairs. [emphasis added]

As Mrs. Chrisman is the income beneficiary of the trust, it is clear that the interest on the award of attorney's fees was properly charged to her. This point is denied.

In Jack Hannebaum's first point, he claims the trial court erred in finding that shares of stock in American Express and Toys–R–Us were purchased with funds traceable to Mrs. Chrisman's personal funds, and, thus, in failing to surcharge her the profits earned on these stocks. The evidence is uncontradicted that shares of stock in Sears, American Express and Toys–R–Us were purchased with the proceeds from the same check dated July 27, 1983, for $20,000.00 drawn on Mrs. Chrisman's account with a bank in Fort Myers, Florida, and deposited with her broker on July 29, 1983. In its January 12, 1988 order, the trial court found that only the

Sears stock was purchased with commingled funds and, thus, subject to a surcharge. This finding is not supported by substantial evidence. The trial court itself decided in its April 20, 1987 order, that Mrs. Chrisman had commingled $20,000.00 of the estate's funds with her personal funds, and that this $20,000.00 was deposited in her personal bank account and used to purchase shares of stock in Sears, American Express and Toys–R–Us through her broker on August 2, 1983. There was no additional evidence produced between the date of that order and the court's order on January 12, 1988, to provide a basis for a different determination. The record is devoid of any evidence that the shares of stock in American Express and Toys–R–Us were purchased with funds traceable to Mrs. Chrisman's personal resources. It is the obligation of a fiduciary to keep a complete and accurate account and if he does not do so all doubts and obscurities are resolved against him. *Zelch v. Ahlemeyer*, 592 S.W.2d 482, 485 (Mo.App., E.D.1979). The trial court's order is reversed and it is directed to surcharge Mrs. Chrisman the amount of any gain on the American Express and Toys–R–Us stock.

In his second and third points, Mr. Hannebaum claims the trial court should have surcharged Mrs. Chrisman for the amounts labelled "unidentified withdrawals" on her bank statements and for $15,000 which he alleges "disappeared" from an account of Mrs. Chrisman's containing commingled funds. The trial court did not rule as to whether Mrs. Chrisman met her burden of showing that either of these sums were traceable to her personal funds. Thus, we remand for the trial court to make such a determination.

The judgment of the trial court is affirmed in part, reversed in part and remanded in part.

GRIMM, P.J., and KAROHL, J., concur.